IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STEVEN CRAIG MCQUEEN,            )
                                 )
        Plaintiff,               )
                                 )
v.                               )        CASE NO. 2:15cv415-SRW
                                 )
CAROLYN W. COLVIN,               )
Acting Commissioner of Social Security,  )
                                 )
        Defendant.               )

## MEMORANDUM OPINION

This is the second appeal to this court filed by plaintiff Steven Craig McQueen regarding the Commissioner's denial of his application for a period of disability and disability insurance benefits filed in December 2007, in which he alleges a period of disability beginning June 20, 2005.  See McQueen v. Commissioner, Case No. 2:11-cv-00427-SRW ("McQueen I"); see also Doc. 15-5 at 2-3.  Plaintiff asserts that he is entitled to benefits because of disabilities related to his service in the U.S. Navy.

Plaintiff commenced this action on June 11, 2015, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying his claim for a period of disability and disability insurance benefits.  (Doc. 1, 11, 14).  On February 10, 2015, the Administrative Law Judge ("ALJ") issued a second adverse decision.[1]  (Doc. 15-9 at 11-28).  The ALJ's decision is the final decision of the Commissioner.  (Doc. 11, 14).  This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  The parties

---

[1] Plaintiff was represented by counsel at the hearing before the ALJ.  (Doc. 15-9 at 11).

have consented to entry of final judgment by the Magistrate Judge. See 28 U.S.C. § 636(c). (Doc. 8, 9).  For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be remanded for additional proceedings because the ALJ employed improper legal standards.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.  It is "more than a scintilla, but less than a preponderance." Id.  A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  In other words, this court is prohibited from reviewing the Commissioner's findings of fact de novo, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993).  If the court finds an error in the

ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)    whether the claimant is currently employed;

(2)    whether the claimant has a severe impairment;

(3)    whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4)    whether the claimant can perform his or her past work; and

(5)    whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R.

section), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561, 562-63 (7th Cir.

1999); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential

analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

Pope, 998 F.2d at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The

Commissioner must further show that such work exists in the national economy in

significant numbers. Id.

## DISCUSSION[2]

---

[2] The facts and procedural history discussed in this opinion are gleaned from the record as a whole, and especially from the parties' briefs (Doc. 11, 14) and the Social Security Transcript of Administrative Proceedings (Doc. 15 *et seq.*). Neither party requests that this court take judicial notice of the record in McQueen I, and the court declines to do so *sua sponte*.

> The Federal Rules of Evidence allow a court to judicially notice a fact on its own and "at any stage of the proceeding." Fed. R. Evid. 201(c)-(d). However, "[i]f the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Fed. R. Evid. 201(e). As we have explained, "[w]here the court does take such judicial notice on its own motion, a party is entitled to be heard on the matter if he so requests." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988) (quotation marks and citations omitted).

Boyd v. Georgia, 512 F. App'x 915, 917 (11th Cir. 2013). See also Kinnett Daries v. Farrow, 580 F.2d 1260, n. 33 (5th Cir. 1978) ("We have held that it is not error 'for a court to take judicial notice of related proceedings and records in cases before that court.'" State of Florida Board of Trustees of the Internal Improvement Trust Fund v. Charley Toppino and Sons, Inc., 514 F.2d 700, 704 (5th Cir. 1975). See also Aloe Creme Laboratories v. Francine Co., 425 F.2d 1295 (5th Cir. 1970) (*per curiam*) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time." Id. at 1296).") Adjudicating the instant appeal does not require the court to take judicial notice of the record in McQueen I.

There is only one issue for this court to decide: Did the ALJ commit an error of law by failing to assign the requisite "great weight" to disability determinations reached by the United States Department of Veterans Affairs ("VA") as mandated by <u>Brady v. Heckler</u>, 724 F.2d 914, 921 (11th Cir. 1984) (citations omitted)? (Doc. 11). After carefully reviewing the ALJ's written decision (Doc. 15-9 at 11-28) and the record as a whole, the court concludes that the ALJ erred as a matter of law because he failed to afford the VA's disability determination "great weight."

Plaintiff is a Navy "veteran of the Gulf War Era" who served from May 17, 1994 until June 20, 2005, when the Navy placed him on temporary disability status. (Doc. 15-6 at 66). On December 19, 2006, Navy Personnel Command informed plaintiff that he was "placed on the retired list by reason of a permanent physical disability." (Doc. 15-6 at 48). Plaintiff's disability was rated at 30%. (<u>Id.</u>). On January 8, 2008, plaintiff appealed his initial disability determination to the VA, and, on October 30, 2008, the VA granted plaintiff's appeal. (Doc. 15-6 at 50). The VA concluded that plaintiff has a "combined [disability] rating" of 80% and that plaintiff should be compensated "at the 100% rate effective June 21, 2005, because [he is] unable to work due to [his] service connected disability/disabilities." (<u>Id.</u> at 52). The record reflects that plaintiff's service-connected disabilities are obstructive sleep apnea, arthrodesis right wrist, low back strain, and hypertension. (<u>Id.</u> at 69).

In reaching his adverse decision, the ALJ determined that plaintiff suffers from severe impairments including, in relevant part, arthrodesis right wrist fusion and sleep apnea that is "controlled with CPAP." (Doc. 15-9 at 13). The ALJ also found that plaintiff

met the insured status requirements of the Social Security Act from June 20, 2005 until plaintiff's date last insured of December 31, 2010. (Id. at 13).  After rejecting the VA's disability determination and the opinions of the plaintiff's treating physician, Dr. Patel,[3] the ALJ developed an RFC and concluded that plaintiff is not disabled.

As to the VA's disability determination, the ALJ made the following findings:

> The [ALJ] has taken note of and considered the [VA's] disability rating at Exhibit 12E [Doc. 15-6].  Although they determined that [plaintiff] was unable to work at that time, effective back to June 21, 2005, the [plaintiff] was encouraged to apply for vocational rehabilitation benefits.  It was the VA's objective to provide him with the opportunities and assistance necessary to get him back to work.

> * * *

> It is a mystery to me why the VA would find the [plaintiff] disabled based upon Dr. Patel's "certificate." I cannot imagine that the VA could have closely looked at the [plaintiff's] VA and civilian medical treatment records, for they do not objectively support, overall, such a finding, in my view, and after my evaluation.  This is certainly the case prior to the claimant's date last insured of December 31, 2010, and I would find that it is the case up until the present, when all of the evidence is considered.

(Doc. 15-9 at 24-25).

The ALJ clearly did not afford the VA's disability determination "great weight."

"'Although the VA's disability rating is not binding on the [Commissioner], it is evidence that should be given *great weight*.'"  Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984) (citing Olson v. Schweiker, 663 F.2d 593 (5th Cir.1981), citing in turn to Rodriguez v.

---

[3] The plaintiff does not challenge the ALJ's decision to afford less than substantial weight to Dr. Patel's opinion evidence.

Schweiker, 640 F.2d 682, 686 (5th Cir. 1981)) (emphasis supplied); [4] see also 20 C.F.R. §
404.1504 ("a determination made by another agency that you are disabled or blind is not
binding on [the Commissioner]"); Adams v. Comm'r of Soc. Sec., 542 F. App'x 854, 856
(11th Cir. 2013) ("Although the ALJ should give the VA's disability rating 'great weight,'
the rating is not binding on the Commissioner.") (citing Brady, 724 F.2d at 921).

An ALJ need not expressly state that he or she has given the VA's disability
determination "great weight" or discuss how much weight the ALJ afforded the
determination, but it must be apparent from the record that the ALJ "expressly considered
and closely scrutinized" the VA's disability determination such that it is clear to a
reviewing court that the determination was given the requisite "great weight." Adams, 542
F. App'x at 857 (citing Rodriguez, 640 F.2d at 686, Brady, 724 F.2d at 921) (holding that
the ALJ did not commit a legal error by failing to "state the precise amount of weight he
[gave] the VA's disability determination").[5] As a matter of law, the ALJ cannot assign

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[5] In the Eleventh Circuit, unpublished decisions are not binding, but they may be cited as persuasive authority. See United States v. Rodriguez-Lopez, 363 F.3d 1134, 1138 n.4 (11th Cir. 2004); 11th Cir. R. 36-2. The Adams decision is unpublished, and it is persuasive to the extent that it applies the long-standing Brady rule – i.e., that "great weight" must be afforded to the VA's disability determinations, but such determinations are not binding on the Commissioner. See Brady, 724 F.2d at 921. The court reads Adams to hold, in relevant part, that an ALJ does not commit reversible error by failing to write the words "great weight" into a disability determination decision where it is clear from the record that the ALJ assigned "great weight" to the VA's disability determination. 542 F. App'x at 857. However, the language of the final two sentences of the Adams decision, when read in isolation from the opinion as a whole and without considering the Brady rule, could be misconstrued to alter the level of weight the Commissioner is required to give to the VA's disability determination. Those sentences read: "Thus, while the ALJ did not specify how much weight he gave the VA disability determination, he seriously considered it in making his own determination that Adams was not disabled. Accordingly, the ALJ did not err by failing to give the VA disability determination 'great weight.'" Id. To the extent that one might be tempted to argue that Adams allows an ALJ to "seriously consider" a VA's disability finding without also giving the determination "great weight," that argument would lack merit, as it advocates for a departure from the well-established "great

anything less than "great weight" to a disability determination by the V.A. – although, as noted previously, the VA's disability rating remains non-binding on the Commissioner.

Here, the ALJ expresses pointed disapproval of the VA's disability decision. (Doc. 15-9 at 25). He also explains why, in his view, the VA's disability decision should not be credited and notes, indeed, that he finds the basis for the decision to be mysterious.  (Id.). Thus, it is clear that the ALJ did not assign "great weight" to the VA's disability determination. The Commissioner does not direct the court to any decision by another court, or any statute or regulation, that persuades the court that an ALJ can depart from the "great weight" standard even if he articulates a reason for doing so.  Failing to give the VA's disability determination "great weight" is legal error in and of itself, and this matter must be remanded to the Commissioner so that she can reconsider plaintiff's claim for benefits after affording such weight to the VA's disability determination.

The Commissioner argues that the ALJ's decision to examine the basis of the VA's decision – i.e., the ALJ's decision to scrutinize the medical statement supplied to the VA by Dr. Patel as a basis for affording no weight to the VA's disability determination – is lawful and appropriate. In addition to the Adams decision, discussed *supra*, the Commissioner directs the court to the unpublished Eleventh Circuit decision in Boyette v. Commissioner of Soc. Sec., 605 F. App'x 777, 779 (11th Cir. 2015), for the proposition that an ALJ can give less than great weight to the VA's disability determination if the ALJ

---

weight" requirement and misconstrues the holding in Adams. Regardless, even assuming for the sake of argument that the Adams decision does indeed lessen the "great weight" standard to a "seriously considered" standard, Adams is not binding here and the court is not persuaded that the "great weight" requirement has been altered.

"considered and weighed" the evidence "which formed the basis of the VA disability rating." (Doc. 14 at 5). The Commissioner argues that, because the ALJ discounted Dr. Patel's evidence, which presumably formed the basis of the VA's disability determination[6] – and because it is within the purview of an ALJ to afford a treating physician's medical testimony less than substantial weight when making a disability determination for the Commissioner – an ALJ can choose to assign little or no weight to the VA's disability determination. That is an incorrect reading of <u>Boyette</u> and, for the reasons discussed in footnote 5, *supra*, is a misstatement of the law.

Unlike the instant case, in which the ALJ assigned no weight to the VA's disability determination, in <u>Boyette</u>, the Eleventh Circuit found that an ALJ had, in fact, assigned great weight to the VA's disability determination despite the fact that the ALJ did not give it controlling weight. The ALJ in <u>Boyette</u> did not state what weight she gave to the VA's disability determination; however, her written decision was developed sufficiently for the Court to conclude that great weight was assigned. <u>See</u> 605 F. App'x at 779. The ALJ

---

[6] The plaintiff correctly notes that the ALJ assumed that the VA's disability determination in October 2008 was reached <u>exclusively</u> in reliance on Dr. Patel's medical source statement. (Doc. 11 at 8). The record contains evidence that the VA relied in part on Dr. Patel's opinion evidence; however, there is no evidence that the VA based its decision solely on that evidence. (Doc. 15-6 at 66). The October 2008 VA disability determination is not the only disability determination of record by the VA, as the ALJ is aware; indeed, he paradoxically discusses the evidentiary basis of the VA's earlier disability determinations while, simultaneously, chastising the VA for making a disability decision on Dr. Patel's medical source statement alone. (Doc. 15-9 at 15-27). The October 2008 decision indicates that the VA <u>modified</u> its earlier disability determination, increasing the percentage of disability from 30% to 80%, based on Dr. Patel's opinion evidence. That modification does not amend the evidentiary basis for VA's earlier disability determination, and, absent an express statement by the VA that it abandoned that evidentiary basis when reaching its 80% disability determination, it is logical to assume that the VA's disability determination does not rest exclusively on one physician's medical source statement but, rather, on the record before the VA as a whole. The ALJ considered the alternative approach – i.e., relying only on Dr. Patel's statement – to be absurd and a "mystery." (Doc. 15-9 at 25). Even if the ALJ is permitted to examine the basis for the VA's disability determination to decide whether he agrees with the outcome – which he is not – the ALJ erred in his characterization of the evidentiary record supporting the VA's decision in this instance.

"scrutinized the VA's decision and explained in detail why it was not entitled to controlling weight. The ALJ considered and assigned weight to the VA examiners' opinions, VA primary care provider opinions, and VA treatment records. In fact, the ALJ appears to have given great weight to the VA examiners' opinions that Boyette was capable of light or sedentary employment, which she concluded were consistent with the medical evidence and record evidence as a whole."

Id.  The ALJ in Boyette did not take the approach that the Commissioner employed in the present case, which was to explain in detail why he gave no weight at all to the VA's disability determination.  Also, the Boyette holding does not support the Commissioner's argument that an ALJ is permitted to examine the basis for the VA's disability determination and to assign the determination little or no weight if the ALJ disagrees with the VA's decision.  The law is well-established and clear: remand is appropriate when an ALJ "obviously refused to give [a VA disability determination] much weight." Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. Unit A 1981) (per curiam). Such is the case here.

Moreover, the error is not "harmless," as the Commissioner contends.  (Doc. 14 at 10).  The ALJ is required to apply correct legal standards, and it is evident to the court that the ALJ's decision is largely based on an erroneous application of the law – specifically, that the ALJ afforded little or no weight to the VA's disability determination because the ALJ disagreed with what he assumed was the evidentiary basis for the VA's decision.  See Cornelius, 936 F.2d at 1145-46.

Because the VA's disability determination is not binding on the Commissioner, see Brady, 724 F.2d at 921, it is not a certainty that the plaintiff is entitled to an award of benefits based solely on the VA's determination.  The court will not award benefits where it is possible that the ALJ might reach an adverse decision even after assigning "great

weight" to the VA's disability decision.  However, the Commissioner is cautioned that, should this matter come before this court on a third appeal, it must be evident that the ALJ did, in fact, afford the VA's disability determination "great weight" in accordance with long-standing, binding precedent.  See, e.g., id.

## CONCLUSION

Accordingly, for the reasons discussed, the decision of the Commissioner will be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion.

DONE, on this the 31st day of October, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge